Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870

Jonathan Ballard (Bar No. 327489)
Email: jballard@onellp.com
**ONE LLP**
9301 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157

Les J Weinstein (Bar No. 36727)
Email: lesweinsteinadr@gmail.com
**LAW OFFICE OF LES J WEINSTEIN**
6417 Drexel Ave
Los Angeles, CA 90048-4705
Telephone: (310) 795-1923

Attorneys for Plaintiff,
DAVID LEW a/k/a SHARK TOOF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEW, an individual, a/k/a SHARK TOOF, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | (1) **VIOLATIONS OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHT OF INTEGRITY (17 U.S.C. § 106A);** |
| THE CITY OF LOS ANGELES, a government entity; EL PUEBLO DE LOS ANGELES, business form unknown; CHINESE AMERICAN MUSEUM, business form unknown; FRIENDS OF THE CHINESE AMERICAN MUSEUM, INC., a California corporation; and DOES 1 through 30, inclusive, | (2) **INTENTIONAL DESECRATION OF FINE ART (CAL. CIVIL CODE §§ 987(c)(1), (e));** (3) **GROSSLY NEGLIGENT DESECRATION OF FINE ART (CAL. CIVIL CODE §§ 987(c)(2), (e));** (4) **CONVERSION;** (5) **NEGLIGENCE; AND** (6) **UNFAIR, UNLAWFUL PRACTICES (CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*)** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

---

**COMPLAINT**

For his Complaint against Defendants The City of Los Angeles, El Pueblo De Los Angeles, Chinese American Museum, Friends of the Chinese American Museum, Inc. and DOES 1 through 30, inclusive, Plaintiff David Lew ("Lew" or "Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises under section 106A of the Copyright Act of 1976, the Visual Artists Rights Act ("VARA").  This Court has jurisdiction over VARA matters under 28 U.S.C. § 1331 (federal question actions), 28 U.S.C. § 1338(a) (exclusive jurisdiction over copyright actions) and 17 U.S.C. § 501 (remedies for copyright infringement include rights under VARA).  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims because they arise from the same facts and concern the same subject matter as the federal claims.

2.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) (because all Defendants are physically located in this District in California or are corporations residing in California for purposes of venue), 28 U.S.C. § 1391(b)(2) (because a substantial part of the acts complained of occurred in, and the property at issue is located in, the Central District of California) and 28 U.S.C. § 1391(b)(3) (because at least one defendant resides in the Central District of California, and there is no other district in which this action may otherwise be brought).

## PARTIES

3.     Plaintiff Lew is an individual residing and domiciled in the County of Los Angeles, State of California.  He is a professional artist also known as "Shark Toof."

4.     On information and belief, Defendant Chinese American Museum ("CAM") is a business form unknown with its principal place of business in Los Angeles in City owned property as a City tenant.  CAM's mission, as claimed in its own Mission Statement, is "to foster a deeper understanding of, and appreciation

for, America's diverse heritage by researching, preserving, and sharing the history, rich cultural legacy, and continued contributions of Chinese Americans."

5.      On information and belief, Defendant Friends of the Chinese American Museum ("FCAM") is a California corporation with its principal place of business in Los Angeles.

6.      On information and belief, the City of Los Angeles is a local municipality within the County of Los Angeles covering the Los Angeles area and owns the buildings where CAM and FCAM operate.

7.      The City of Los Angeles's sub department, El Pueblo de Los Angeles ("El Pueblo"), managed the art show as alleged herein with CAM and FCAM. Whether El Pueblo is a separate legal entity or just a department of the City of Los Angeles is currently unknown so it is sued as a municipal and business form unknown.

8.      The exact business and ownership relationship between CAM, FCAM, and the City of Los Angeles/El Pueblo is unknown and on information and belief all acted both independently and in active concert and participation with each other with respect to the matters alleged herein.

9.      Lew is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 30, inclusive, or any of them, and therefore sues these defendants, and each of them, by fictitious names.  Specifically: DOES 1-20 are individuals who worked for or managed FCAM and/or CAM as agents, employees, or directors/shareholders and who participated in and are responsible for these negligent, grossly negligent, reckless and/or willful acts alleged herein; and DOES 21-30 are other entities or individuals who worked for the City or El Pueblo, or for operations at their direction, who participated in and are responsible for these negligent, grossly negligent, reckless and/or willful acts alleged herein.  Plaintiffs will seek leave of this Court to amend this Complaint when the status and identities of these defendants are ascertained.

**COMPLAINT**

10.    Plaintiff Lew is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and active participation with each other in committing the acts alleged herein, and were agents of each other and were acting within the scope and authority of that agency and with knowledge, consent and approval of one another.

## **GENERAL ALLEGATIONS**

11.    David Lew is an internationally known professional artist and muralist of worldwide repute and reputation who resides in and is domiciled in Los Angeles. His paintings as well as his outdoor murals have been featured around the world and his original artwork has been sought by a diverse range of clients, as well as displayed at art shows and museums across the country.

12.    Some exemplary photos of Lew's famed paintings and murals can be seen here:





13.     In 2018, CAM began a multi-month exhibition called "Don't Believe the Hype: LA Asian Americans in Hip Hop," which examined resistance, refuge, and reinvention for Asian Americans living in the Los Angeles region through art, and had site-specific immersive spaces created by graffiti artists and muralists.

14.     David Lew was one of the Asian American artists asked to showcase original art.  Other renowned artists included Gajin Fujita, Hueman, Kenny Kong, Nisha Sethi, Farah Sosa, SWANK, and Erin Yoshi, among others.  At the time Lew was invited, one of his works was already in CAM's permanent collection.

15.     Lew created 88 original pieces of artwork to be shown at CAM's exhibition.  He chose 88 given the special reverence and meaning of the number eight in the Chinese culture.  Lew's 88 art creations were placed on tote bags, which were to be hung outside CAM on clotheslines as performative art that echoed the experience of Chinese Americans in Los Angeles and as a whole looked like a series of red lanterns.  The exhibition of these 88 works was named by Lew *Year of the Shark Red Packet*.

16.     In 2018, Lew's 88 original pieces of artwork were hung outside CAM in a courtyard managed and controlled by the City of Los Angeles through El Pueblo.  An image of Lew's *Year of the Shark Red Packet* is seen here:



**COMPLAINT**

17.     In December 2018, the City of Los Angeles/El Pueblo and CAM/FCAM collectively removed the art without giving notice to Lew.

18.     CAM/FCAM knew from their communications with Lew (and the other artists involved) that, as its creator and owner, his art was deeply important to him and imbued with personal meaning, as it reflected his lifetime of experiences, his heritage, and his values.  As representatives of the Chinese American community with a mission dedicated to celebrating the "history, rich cultural legacy, and continued contributions of Chinese Americans," CAM/FCAM were also profoundly aware of the meaning of the work to the broader public, including the Chinese American community.  As custodians of art hanging in their courtyard property, the City/El Pueblo also knew of the art's meaning to Lew and its resonance with the broader community, including the Chinese community in Los Angeles, as it formed a unique part of a long-showing and culturally sensitive exhibition in Los Angeles that reflected on the experience of Chinese Americans in Los Angeles.

19.     Despite this knowledge, none of the Defendants gave notice to Lew that his art was to be removed.  Moreover, neither CAM nor FCAM, nor the City/El Pueblo, sent any qualified or authorized representatives to oversee and manage the art removal, preservation, and protection process—a standard practice in the art world.

20.     Instead, on December 7, 2018, Defendants sent trash removal crews in lifts in what was no more than an operation to rid themselves of garbage.  The trash removal crews proceeded to take down, discard, and destroy the original art, and irretrievably and literally dumped the original pieces in the trash.

21.     In late December 2018, and after Lew first learned of the removal and destruction of his work and expressed his horror and shock, the City through El Pueblo's general manager Chris Espinosa admitted fault, after the art had been destroyed.  CAM's curator Justin Hoover also admitted fault.

22.    CAM also claimed that 14 of the 88 original pieces were not destroyed, but they have failed to return them and they are assumed destroyed now.

23.    Lew filed a formal claim with the City of Los Angeles as required by law and also sought redress from CAM/FCAM and its purported insurance carrier. In bad faith, the City failed to even address Lew's claim on its merits because it said CAM/FCAM had advised it that it had insurance, and told Lew to look to CAM/FCAM for relief.  After being advised by its insurance carrier that the claim was not covered, CAM/FCAM dishonestly claimed that it had done nothing wrong and that Lew should look only to the City for compensation.

24.    At no point did either the City or FCAM/CAM formally apologize to Lew for the destruction of his work.

25.    Despite Lew's attempts to resolve this matter short of litigation, the actions of the Defendants have given him no choice but to file this lawsuit based on the destruction of the 88 (or 74) original pieces of artwork.

## FIRST CAUSE OF ACTION

### (Violations of the Visual Artists Rights Act (VARA) and Right of Integrity against All Defendants, 17 U.S.C. § 106A)

26.    Plaintiff realleges and reincorporates paragraphs 1-25 above, as though set forth fully herein.

27.    Plaintiff Lew is the author of works of visual art, as part of an exhibit entitled *Year of the Shark Red Packet*, which he created in 2018 and which were installed by the City and displayed on the site of the FCAM/CAM courtyard, located at 425 N. Los Angeles St., Los Angeles, CA 90012.  The *Year of the Shark Red Packet* exhibit contained works of recognized stature.  Lew owns all rights, title and interest in and to the 88 pieces of art in the *Year of the Shark Red Packet*.

28.    On or about December 7, 2018, Defendants recklessly, willfully and intentionally desecrated, distorted, mutilated, and/or otherwise destroyed the *Year of the Shark Red Packet*, in violation of Lew's rights including his right of integrity

therein, as set forth in Title 17, Section 106A(a)(3)(A) and Section 106A(a)(3)(B) of the United States Code.  Defendants did so by, among other things, removing and destroying the *Year of the Shark Red Packet* exhibition, and then trashing it. Defendants were on notice as to Lew's legal right of integrity and its protection under the laws of the United States.  Lew has not waived any of his rights granted to him under Section 106A.

29.     Defendants' acts described above were reckless, willful, and intentional, and/or grossly negligent.  Defendants' desecration, distortion, mutilation and destruction of the works contained in the *Year of the Shark Red Packet* exhibit is the proximate cause of injury and prejudice to Lew's federally protected rights of integrity.

30.     Defendants actions injured Lew and his honor and reputation, and as such Defendants are liable to Lew for actual or statutory damages, at Lew's election, as well as attorneys' fees and costs, under 17 U.S.C. §§ 504(c), 505.

## SECOND CAUSE OF ACTION

### (Intentional Desecration of Fine Art Against All Defendants, Cal. Civil Code §§ 987(c)(1), (e))

31.     Plaintiff incorporates paragraphs 1-25, above, as though set forth fully herein.

32.     Plaintiff Lew is the author of works of visual art, as part of an exhibit entitled *Year of the Shark Red Packet*, which he created in 2018 and which were installed by the City and displayed on the site of the FCAM/CAM courtyard, located at 425 N. Los Angeles St., Los Angeles, CA 90012.  The *Year of the Shark Red Packet* exhibit contained works of recognized stature.  Lew owns all rights, title and interest in and to the 88 pieces of art in the *Year of the Shark Red Packet*.

33.     On or about December 7, 2018, Defendants recklessly, willfully and intentionally desecrated, distorted, mutilated, and otherwise destroyed the *Year of the Shark Red Packet*, in violation of Lew's rights including his right of integrity

9

**COMPLAINT**

therein under Cal. Civil Code § 987.  Defendants did so by, among other things, removing and destroying the *Year of the Shark Red Packet* exhibition, and then trashing it.  Defendants were on notice as to Lew's legal right of integrity and its protection under the laws of California.  Lew has not waived any of his rights of integrity.

34.     Defendant's willful and intentional distortion, mutilation and destruction of the works contained in the *Year of the Shark Red Packet* exhibit is the proximate cause of damage to Lew.

35.     In committing the acts described in this complaint, Defendants, and each of them, acted in conscious disregard of Lew's rights and were guilty of malice, oppression and fraud when they consciously chose to desecrate the works featured in the *Year of the Shark Red Packet* exhibit without any notice to Lew and without taking advantage of preservation techniques or supervision activities that would have saved the works featured in the *Year of the Shark Red Packet* exhibit.  The conduct of Defendants warrants an assessment of punitive or exemplary damages to the extent such damages and other relief are available against each Defendant, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

## THIRD CAUSE OF ACTION

**(Grossly Negligent Desecration of Fine Art Against All Defendants,**

**Cal. Civil Code §§ 987(c)(2), (e))**

36.     Plaintiff incorporates paragraphs 1-25, above, as though set forth fully herein.

37.     Plaintiff Lew is the author of works of visual art, as part of an exhibit entitled *Year of the Shark Red Packet*, which he created in 2018 and which were installed by the City and displayed on the site of the FCAM/CAM courtyard, located at 425 N. Los Angeles St., Los Angeles, CA 90012.  The *Year of the Shark Red*

*Packet* exhibit contained works of recognized stature. Lew owns all rights, title and interest in and to the 88 pieces of art in the *Year of the Shark Red Packet*.

38.     The conduct of Defendants in removing and destroying the works featured in the *Year of the Shark Red Packet* exhibit, despite actual knowledge of Lew's rights, was carried on by Defendants in conscious disregard of Lew's rights, and injured and damaged Lew. The conduct of Defendants was malicious and oppressive so as to warrant an assessment of punitive or exemplary damages to the extent such damages are available against each Defendant, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

## FOURTH CAUSE OF ACTION

### (Conversion Against All Defendants)

39.     Plaintiff incorporates paragraphs 1-25 above, as though set forth fully herein.

40.     Plaintiff Lew is the author of works of visual art, as part of an exhibit entitled *Year of the Shark Red Packet*, which he created in 2018 and which were installed by the City and displayed on the site of the FCAM/CAM courtyard, located at 425 N. Los Angeles St., Los Angeles, CA 90012. The *Year of the Shark Red Packet* exhibit contained works of recognized stature. Lew owns all rights, title and interest in and to the 88 pieces of art in the *Year of the Shark Red Packet.*

41.     On or about December 7, 2018, Defendants intentionally deprived Lew of those rights by mutilating and ultimately destroying the works. Defendants' acts constitute a permanent deprivation of Lew's rights and constitutes a conversion of his property under California law.

42.     Further, on information and belief it is possible that in the alternative to destroying all 88 works of art, there are still 14 works of art that were not destroyed but have been converted by Defendants CAM/FCAM and so a distinct claim against those Defendants exists for the conversion of those 14 works of art (and all Defendants for the other 74 works of art that were destroyed).

43.     The conduct of Defendants in converting Lew's property was carried on by Defendants in conscious disregard of Lew's rights.  The conduct of Defendants was so malicious, fraudulent, and oppressive as to warrant an assessment of punitive or exemplary damages, to the extent such damages are available against each Defendant, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

## FIFTH CAUSE OF ACTION

### (Negligence Against All Defendants)

44.     Plaintiff incorporates paragraphs 1-25, above, as though set forth fully herein.

45.     Plaintiff Lew is the author of works of visual art, as part of an exhibit entitled *Year of the Shark Red Packet*, which he created in 2018 and which were installed by the City and displayed on the site of the FCAM/CAM courtyard, located at 425 N. Los Angeles St., Los Angeles, CA 90012.  The *Year of the Shark Red Packet* exhibit contained works of recognized stature.  Lew owns all rights, title and interest in and to the 88 pieces of art in the *Year of the Shark Red Packet*.

46.     Defendants owed a duty of due care to Plaintiff Lew to preserve the 88 pieces of art in the *Year of the Shark Red Packet* exhibit, and to remove them cautiously in a transparent process to preserve the artwork with Lew's consultation and participation.

47.     On or about December 7, 2018, Defendants, without notice to Lew, breached their duty of due care by, among other things, indifferently destroying the 88 pieces of art in the *Year of the Shark Red Packet* in a removal process that lacked proper supervision or notice to Lew.

48.     As a foreseeable and proximate result of this process employed to remove the art, Plaintiff Lew has lost all of his property rights in the works featured in the *Year of the Shark Red Packet* exhibit, and has suffered general damages.

## SIXTH CAUSE OF ACTION

### (Unfair, Unlawful Practices Against All Defendants, Cal. Bus. & Prof. Code § 17200 *et seq.*)

49.     Plaintiff Lew realleges and reincorporates the allegations of paragraphs 1-25, 27-30, 32-35, 40-43, and 45-48 above.

50.     Defendants' actions complained of herein are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Business and Professions Code §17200 *et seq.*  Specifically, as more fully set forth above, Defendants' actions constitute violations of the VARA provisions of the Copyright Act, under Cal. Civ. Code § 987, and California common law.

51.     Lew has suffered injury in fact and lost property as a result of Defendants' acts unfair competition and unlawful practices, as described above. Accordingly, Lew is entitled to an Order under California Business and Professions Code §17203 for restitution.

52.     Lew is also entitled to an injunction enjoining further similar acts against other similarly situated artists by the Defendants, as well as his attorneys' fees under the private attorney general provisions of CCP § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Lew prays for judgment as follows:

1.     That the Court enjoin Defendants from removing public displays of an artist's work without adopting proper policies and procedures to supervise the safe and careful removal and with the artist's knowledge, participation and consent;

2.     That the Court order the immediate return of any *Year of the Shark Red Packet* artworks still in Defendants' possession (if 14/88 were not destroyed);

3.     That Defendants pay Lew damages sufficient to compensate him for all damages resulting from desecration of the works of art featured in the *Year of the Shark Red Packet* exhibit, including, but not limited to deprivation of Lew's

**COMPLAINT**

property rights and damage to his reputation under VARA, Cal. Civil Code § 987, and state law;

4. That Lew receive statutory damages under 17 U.S.C. § 504(c) for each violation of rights secured under VARA up to the maximum allowed by law, or actual damages, as well as attorneys' fees under 17 U.S.C. § 505;

5. That the Court assess punitive damages against Defendants sufficient to punish them from engaging in similar conduct in the future;

6. That the Court award Lew his attorneys' fees, costs, and expert fees under applicable federal and state law; and

7. That the Court grant such other and further relief as the Court deems just and equitable.

Dated:  December 2, 2020

**ONE LLP**

By: /s/ Peter R. Afrasiabi
       Peter R. Afrasiabi
       John Tehranian
       Jonathan O. Ballard

*-and-*

**LAW OFFICE OF LES J WEINSTEIN**
       Les J Weinstein

Attorneys for Plaintiff,
DAVID LEW a/k/a SHARK TOOF

14
**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury as to all claims and all issues properly

3    triable thereby.

4

5    Dated:  December 2, 2020            **ONE LLP**

6
                                        By: /s/ Peter R. Afrasiabi
7                                           Peter R. Afrasiabi
8                                           John Tehranian
                                            Jonathan O. Ballard
9                                        *-and-*

10                                       **LAW OFFICE OF LES J WEINSTEIN**
11                                          Les J Weinstein

12                                          Attorneys for Plaintiff,
                                            DAVID LEW a/k/a SHARK TOOF
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**