MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney (SBN 212289)
SCOTT D. MARCUS, Senior Assistant City Attorney (SBN 184980)
PHILIP H. LAM, Deputy City Attorney (SBN172428)
200 North Main Street, 7th Floor
Los Angeles, California 90012
Telephone: 213-978-4681
Facsimile: 213-978-7011
scott.marcus@lacity.org
phil.lam@lacity.org

Attorneys for Defendant
City of Los Angeles

**THE AVANZADO LAW FIRM**

A PROFESSIONAL LAW CORPORATION

MELVIN N.A. AVANZADO (Bar No. 137127)
   <mel@avanzadolaw.com>
The Walnut Plaza
215 North Marengo Avenue
Third Floor
Pasadena, California 91101
310.552.9300 TELEPHONE
310.388.5330 FACSIMILE

Attorneys for Defendant
Friends of the Chinese American Museum

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEW, an individual, a/k/a SHARK TOOF,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CITY OF LOS ANGELES, a government entity; EL PUEBLO DE LOS ANGELES, business form unknown; CHINESE AMERICAN MUSEUM, business form unknown; FRIENDS OF THE CHINESE AMERICAN MUSEUM, INC., a California corporation; and DOES 1 through 30, inclusive,<br><br>        Defendants. | CASE NO. 2:20-cv-10948 DDP (PLAx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS CITY OF LOS ANGELES AND FRIENDS OF THE CHINESE AMERICAN MUSEUM<br><br>DATE:   March 1, 2021<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 9C<br>           [The Hon. Dean D. Pregerson]<br><br>*[Notice of Motion and Motion to Dismiss; Request for Judicial Notice; and Declaration of Long Truong filed concurrently herewith]*<br><br>ACTION FILED: December 2, 2020 |

TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES ................................................................................. ii

I. INTRODUCTION AND SUMMARY ................................................................ 1

II. FACTUAL BACKGROUND ............................................................................ 2

III. THE COMPLAINT DOES NOT STATE A VALID CLAIM FOR RELIEF AND SHOULD BE DISMISSED IN ITS ENTIRETY ................................................... 4

   A. Legal Standards ........................................................................................ 4

      1. General Standards on Motions to Dismiss ........................................... 4

      2. Consideration of Matters Beyond the Allegations of the Complaint ... 5

         a. Courts Consider Factual Matters Outside The Complaint To Determine Subject Matter Jurisdiction ......................................... 5

         b. Requests For Judicial Notice Are Proper On Motions to Dismiss .................................................................................... 5

   B. Lew Cannot Establish Subject Matter Jurisdiction Because His Claim Under VARA Fails As A Matter of Law ................................................................ 6

      1. VARA Does Not Protect "Applied Art" ............................................. 7

      2. Failure to Obtain A Certificate of Copyright Registration................... 8

   C. Lew's State Law Claims Are All Time Barred by the California Tort Claims Act .......................................................................................................... 9

   D. Lew's Causes of Action Under the California Art Preservation Act Are Both Preempted and Fail Because The Statute Does Not Protect His Tote Bags ........................................................................................................ 10

      1. CAPA Is Preempted By The U.S. Copyright Act .............................. 10

      2. CAPA Does Not Protect Plaintiff's Tote Bag ................................... 11

   E. Lew Cannot State Common Law Claims for Conversion and Negligence 11

   F. Lew's Sixth Claim for Unfair Competition Fails As a Matter of Law ...... 12

IV. CONCLUSION .......................................................................................... 13

TABLE OF AUTHORITIES

PAGE(S)

**Federal Cases**

*Ashcroft v. Iqbal*
    556 U.S. 662 (2008) .................................................................................... 4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .................................................................................... 4

*Biotics Research Corp. v. Heckler*
    710 F.2d 1375 (9th Cir. 1983) ....................................................................

*Cheffins v. Stewart*
    825 F.3d 588 (9th Cir. 2016) ................................................................. 7, 8

*County of Santa Clara v. Astra United States, Inc.*
    428 F. Supp. 2d 1029 (N.D. Cal. 2006) .................................................... 12

*Fazio v. Wash. Mut. Bank, F.A.*
    2018 U.S. App. LEXIS 4683 (9th Cir. 2018) ............................................ 6

*Fourth Estate Pub. Benefit Corp v. Wall-Street.com, LLC*
    139 S. Ct. 881 (2019) .................................................................................. 8

*Interstate Natural Gas Co. v. Southern California Gas Co.*
    209 F.2d 380 (9th Cir. 1953) ...................................................................... 6

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*
    499 F.3d 1048 9th Cir. 2007) ..................................................................... 5

*Kodadek v. MTV Networks, Inc.*
    152 F.3d 1209 (9th Cir. 1998) .................................................................. 10

*Lipton v. Pathogenesis Corp.*
    284 F.3d 1027 (9th Cir. 2002) .................................................................... 5

*Mack v. South Bay Beer Distribs.*,
    798 F.2d 1279 (9th Cir. 1986) .................................................................... 6

| | |
|---|---|
| 1 | *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, |
| 2 | 292 F. Supp. 2d 535 (S.D.N.Y. 2003).................................................................... 7 |
| 3 | *Mortensen v. First Fed. Sav. & Loan Ass'n.* |
| 4 | 549 F.2d 884 (3d Cir. 1977).................................................................................. 5 |
| 5 | *Moss v. U.S. Secret Serv.*, |
| 6 | 572 F.3d 962 (9th Cir. 2009)................................................................................ 4 |
| 7 | *Pollara v. Seymour* |
| 8 | 344 F.3d 265 (2d Cir. 2003)................................................................................. 7 |
| 9 | *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.* |
| 10 | 245 F.2d 67 (9th Cir. 1956).................................................................................. 6 |
| 11 | *Slockish v. United States FHA* |
| 12 | 682 F. Supp. 2d 1178 (D. Or. 2009) .................................................................... 5 |
| 13 | *Swartz v. KPMG LLP* |
| 14 | 476 F.3d 756 (9th Cir. 2007)................................................................................ 6 |
| 15 | *Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp.* |
| 16 | 594 F.2d 730 (9th Cir. 1979)............................................................................ 5, 6 |
| 17 | *United States v. Woods* |
| 18 | 335 F.3d 993 (9th Cir. 2003)................................................................................ 6 |

**State of California Cases**

*Robert H. Jacobs v. Westoaks Realtors*
    159 Cal. App. 3d 637, 642, 205 Cal. Rptr. 620 (1984)...................................... 10

*Leider v. Lewis*
    2 Cal. 5th 1121, 218 Cal. Rptr. 3d 127 (2017) .................................................. 12

*Meggs v. City of Berkeley*
    2004 U.S. Dist. LEXIS 7305 at *12 n.12 (N.D. Cal. 2004) ............................. 12

*Miklosy v. Regents of University of California*
    44 Cal. 4th 876, 80 Cal. Rptr. 3d 690 (2008) ................................................... 12

*People for the Ethical Treatment of Animals v. Cal. Milk Producers Advisory Bd.*
    125 Cal. App. 4th 871, 22 Cal. Rptr. 3d 900 (2005) ........................................... 12
*Salsbury v. City of Berkeley*
    188 F. App'x 613 (9th Cir. 2006) ........................................................................ 12
*Santa Monica Rent Control Bd. v. Bluvshtein*
    230 Cal. App. 3d 308, 281 Cal. Rptr. 298 (1991) ............................................... 12

**<u>Federal Statutes</u>**

17 U.S.C.
    Section 101 ................................................................................................... 1, 7, 10
    Section 102 ............................................................................................................ 10
    Section 102(a)(5) .................................................................................................. 10
    Section 103 ............................................................................................................ 10
    Section 106 ............................................................................................................ 10
    Section 106(5) ....................................................................................................... 10
    Section 106A .............................................................................................. 1, 7, 10
    Section 106A(a)(3)(A) ........................................................................................... 9
    Section 106A(a)(3)(B) ........................................................................................... 9
    Section 301 (f) ...................................................................................................... 10
    Section 411(a) ..................................................................................................... 8, 9

Rules of Civil Procedure
    Rule 12(b)(1) ...................................................................................................... 2, 6
    Rule 12(b)(6) .................................................................................................. 2, 5, 6

Rules of Evidence
    Rule 201(b)(2) ........................................................................................................ 6

**State Statutes**

California Business & Professions Code

 Section 17200 ................................................................................................ 2, 12

 Section 17201 ..................................................................................................... 12

California Civil Code

 Section 14 ........................................................................................................... 11

 Section 987(b)(2) ......................................................................................... 10, 11

 Section 987(c)(1) ......................................................................................... 10, 11

 Section 987 (c)(2) ............................................................................................... 10

California Government Code

 Section 815(a) ................................................................................................ 2, 12

 Section 945.6 ..................................................................................................... 1, 9

 Section 945.6 (a)(1) ............................................................................................ 10

**Other Authorities**

Los Angeles Municipal Code

 Section 22.620(b) .................................................................................................. 2

 City Ordinance #167,902 ...................................................................................... 2

5 C. Wright & A. Miller, Federal Practice & Procedure, § 1363 at 659-60 (1969) .... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND SUMMARY

David Lew ("Lew") filed this action against Defendants City of Los Angeles (the "City") and Friends of the Chinese American Museum ("FCAM") (collectively, "Defendants") based upon the alleged destruction of tote bags that he decorated with screen print and submitted to FCAM for exhibition and sale at the City's Chinese American Museum (the "Museum").[1] Lew premises his federal case upon his first cause of action under the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A of the Copyright Act ("VARA"). However, as detailed below, this is not a proper federal copyright infringement case. Rather, by Lew's own allegations, this case is a simple damages claim for the alleged loss of tote bags that Lew himself priced at $88 per bag.

Accordingly, Defendants move to dismiss on several grounds. First, Plaintiff's allegations establish that Lew's "art" does not fall within the scope of VARA because his tote bags are "applied art" and "merchandising items" under 17 U.S.C. § 101, not "visual works of art". Second, Lew's state law claims are all barred as untimely under the California Tort Claims Act (Cal. Gov't Code § 945.6). Third, Lew's second and third claims under the California Art Preservation Act ("CAPA") must be dismissed because, as these claims are alleged in the Complaint, they are preempted by the federal Copyright Act of 1976. Both CAPA causes of action also fail in that CAPA only protects "fine art" and not "work prepared under contract for commercial use by its purchaser" or "graphical art" such as the tote bags that are the focus of this Complaint. Fourth, Lew cannot state his fourth and fifth causes of action for common law conversion and negligence because common law claims cannot be

---

1. The City notes that Lew's complaint improperly purports to name as separate defendants El Pueblo de Los Angeles and Chinese American Museum under the guise of "business form unknown" entities. [Comp. ¶¶ 4 & 7] The City is the only proper defendant capable of being sued as Defendants' Request for Judicial Notice establishes. [RJN ¶¶ 3-4]

1

asserted against public entities (Cal. Gov't Code § 815(a)). Fifth, Lew's sixth cause of action for unfair competition fails as a matter of law because public entities are neither "persons" nor "businesses" under California's unfair competition laws (Cal. Bus. & Prof. Code § 17200).

In sum, therefore, all of Lew's claims fail as a matter of law. Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), this Court should grant this motion and dismiss this action in its entirety without leave to amend.

## II.
## FACTUAL BACKGROUND

In 1992, the City established the El Pueblo de Los Angeles Historical Monument Authority Department ("El Pueblo") pursuant to City ordinance #167,902. [Request for Judicial Notice ("RJN") ¶ 2 & Ex. 2][2] Among other things, Section 22.620(b) of this ordinance required that "a Chinese history museum shall be established in the Monument" by El Pueblo. [*Id.*]

FCAM is a California non-profit public benefit corporation incorporated on November 12, 1987 for the purpose of providing support to the Museum. [Comp. ¶ 6; RJN ¶ 3, Ex.3]

In 2012, the City entered into a memorandum of agreement (the "MOA") with FCAM. [RJN ¶ 4 Ex. 4] Under the MOA, the City maintains overall management authority over the Museum while FCAM, in collaboration with the City, fulfills its mission to operate, maintain and expand the Museum. [*Id.* Ex. 4 § 2.1] Among other things, the City provides maintenance, custodial and security services, utilities and other support for the Museum. [*Id.*, Ex. 4 § 3.1.F] FCAM provides staff and financial support, as well as collaborate with the City on the operation and

---

2. As detailed below, under Fed. R. Civ. P. 12(b)(1), Defendants "may attack the factual bases for subject matter jurisdiction" and "go beyond the allegations in the complaint" since Lew has the burden to establish this Court's subject matter jurisdiction. Moreover, a motion under Fed. R. Civ. P. 12(b)(6) can be premised on facts judicially noticed without converting the motion to one for summary judgment. *See*, *infra*, Section III.A.2.

maintenance of the Museum.  [*Id.* Ex. 5 § 3.2]

In 2018, the Museum engaged in a "'multi-month exhibition' called 'Don't Believe the Hype:  LA Asian Americans in Hip Hop'…." [Comp. ¶ 13] Plaintiff Lew contributed 88 tote bags to the exhibition.  [Comp. ¶ 15]

Specifically, Lew alleges that his participation in the exhibition was as follows:

> Lew created 88 original pieces of artwork to be shown at CAM's exhibition….***Lew's 88 art creations were placed on tote bags***, which were to be hung outside CAM on clotheslines . . . .

[Comp. ¶ 15 (emphasis added)]

On May 9, 2018, Lew executed and sent to FCAM a "Vendor Application Form" in connection with Lew's decorated tote bags to be hung during the art exhibition.  [RJN ¶ 1 & Ex. 1; Declaration of Long Truong ("Truong Decl.") ¶ 6 & Ex. A]  Lew agreed that 74 of the tote bags would be sold by FCAM at a price of "$88 Each." [*Id.*]  Lew agreed that "FCAM has complete authority and control over all aspects of the items on sale." [*Id.* ¶ 6]  Lew (defined as the "Vendor") also agreed to the following provision:

> **Limitation of Liability**. FCAM assumes no responsibility for any or damage to Vendor. Vendor agrees to make no claim for any reason whatsoever, including negligence, against FCAM and the City of Los Angeles, its members, agents, or employees, for loss, theft, damage or destruction of property, or for any injury to Vendor or its employees in connection with the Exhibition.

[RJN ¶ 1, Ex. 1 at ¶ 10; Truong Decl. ¶ 6 & Ex. A]  Lew agreed to provide FCAM with "20% of [his] gross total revenue made at the Exhibition…." [*Id.* Ex. 1 at ¶ 4.B]

In December 2018, Lew alleges that Defendants "collectively removed the art [Lew's decorated tote bags] without giving notice to Lew." [Comp. ¶ 17] On March 15, 2019, Lew filed a Government Tort Claim with the City for damages to his property, the tote bags. [Comp. ¶ 23; RJN ¶ 5, Ex. 5] The City denied Lew's claim on June 14, 2019 and expressly provided Lew with notice of the 6-month window for Plaintiff to file a court action based on state causes of action, among other information. [RJN ¶ 6, Ex. 6] Almost 18 months later, on December 2, 2020, Lew filed this lawsuit against the City and FCAM. [ECF No. 1] On December 18, 2020, the parties stipulated to extend the time for Defendants' response to Lew's Complaint until January 27, 2021. [ECF No. 16] After communicating in writing, the parties met and conferred via teleconference on January 20, 2021, to discuss Defendants' arguments to dismiss Lew's Complaint.

### III.
### THE COMPLAINT DOES NOT STATE A VALID CLAIM FOR RELIEF AND SHOULD BE DISMISSED IN ITS ENTIRETY

**A.  Legal Standards**

**1.  General Standards on Motions to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). When "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that a plaintiff "cannot cure the flaws" in his claims,

dismissal without leave to amend is appropriate. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

### 2. Consideration of Matters Beyond the Allegations of the Complaint

#### a. Courts Consider Factual Matters Outside The Complaint To Determine Subject Matter Jurisdiction

A "party may go beyond the allegations in the complaint and attack the factual basis for subject matter jurisdiction." *Slockish v. United States FHA*, 682 F. Supp. 2d 1178, 1187 (D. Or. 2009) (citing *Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983)).

> No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Thornhill Publishing Co.*, 594 F.2d at 733 (footnote omitted; quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case")).

#### b. Requests For Judicial Notice Are Proper On Motions to Dismiss

In addition, under Fed. R. Civ. P. 12(b)(6), courts may take judicial notice of "matters of public record" that are not subject to reasonable dispute. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

> On a motion to dismiss…a court may take judicial notice of facts outside the pleadings. Moreover, a court may take judicial notice of "records and reports

of administrative bodies." Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.

*Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (citations and footnote omitted; citing *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956)); 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1363 at 659-60 (1969); quoting *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

Thus, courts have taken judicial notice of the contract that is the subject of a plaintiff's claims. *Fazio v. Wash. Mut. Bank, F.A.*, 2018 U.S. App. LEXIS 4683 (9th Cir. 2018) (affirming trial court's judicial notice of applicable agreement as "not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (quoting Fed. R. Evid. 201(b)(2)) and citing *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).

Under these authorities, this Court can and should properly rely upon matters outside Lew's complaints under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**B.     Lew Cannot Establish Subject Matter Jurisdiction Because His Claim Under VARA Fails As A Matter of Law**

Lew bears the burden to establish that the Court has subject matter jurisdiction over his complaint. *Thornhill Publishing Co.*, 594 F.2d at 733. Lew's complaint asserts federal question jurisdiction premised entirely on his first cause of action under VARA. [Comp. ¶ 1] Lew cannot establish a proper claim under VARA for two reasons. First, Lew's own allegations regarding his artwork places it squarely outside the scope of VARA. Second, Lew failed to obtain a pre-lawsuit copyright registration of his work. Lew's inability to state a claim under VARA is fatal to his

claim and also the Court's subject matter jurisdiction.

1.  **VARA Does Not Protect "Applied Art"**

Lew alleges that his "88 art creations were placed on tote bags…to be hung outside [the Museum] as performative art that echoed the experience of Chinese Americans in Los Angeles and as a whole looked like a series of red lanterns." [Comp. ¶ 15]  Lew signed a "Vendor Application Form" with FCAM to sell his tote bags at the Museum.  [RJN ¶ 1 & Ex. 1; Truong Decl. ¶ 6 & Ex. A]

By his own allegations, Lew's work falls outside the scope of VARA's protection for "a work of visual art."  *See* 17 U.S.C. § 101 (definitions); 17 U.S.C. § 106A(a) (limiting protections to the "author of a work of visual art").  A "work of visual art" does not include "applied art."  *Id.*  A "work of visual art" also does not include "any merchandising item."  *Id.*

The Ninth Circuit has made clear that "an object constitutes a piece of 'applied art' – as opposed to a 'work of visual art' – where *the object initially served a utilitarian function* and the object continues to serve such a function *after* the artist made embellishments or alterations to it."  *Cheffins v. Stewart*, 825 F.3d 588, 594 (9th Cir. 2016); *see also Pollara v. Seymour*, 344 F.3d 265, 269-70 (2d Cir. 2003) (holding that banner "created for the purpose of drawing attention to an information desk" did not fall within VARA); *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 554 (S.D.N.Y. 2003) (granting summary judgment on VARA claim and holding that dragon embroidery on pants "plainly do not qualify as 'works of visual art'").  The Ninth Circuit held:

> This test embraces the circumstances both where a functional object incorporates a decorative design in its initial formulation, and where a functional object is decorated after manufacture but continues to serve a practical purpose. Conversely, "applied art" would not include a piece of art whose function is purely

|   |   |
|---|---|
| 1 | aesthetic or a utilitarian object which is so |
| 2 | transformed through the addition of artistic elements |
| 3 | that its utilitarian functions cease…. [¶] *The standard* |
| 4 | *is relatively simple: where a functional object,* |
| 5 | *despite claims of artistic merit, continues to serve a* |
| 6 | *utilitarian purpose, it is applied art.* |

*Cheffins*, 825 F.3d at 594 (emphasis added). The *Cheffins* court emphasized that the "transformation from utilitarian object to work of art…occurs where an object's *utilitarian functions cease.*" *Id.* at 594 n.7 (emphasis in original).

Lew placed artistic creations on tote bags that were hung outside the Museum. [Comp., ¶¶ 15-16 and pictures contained therein] These tote bags did not "cease" to have their utilitarian function as tote bags simply because of Lew's "claims of artistic merit." Indeed, Lew contracted with FCAM to market and sell his tote bags at the Museum as "gift shop items." [Truong Decl. ¶¶ 6-8 & Ex. A; RJN ¶¶ 1 & Ex. 1] As the Ninth Circuit made clear in *Cheffins*, Lew's "art" was therefore "applied art" and "merchandising items" outside the scope of VARA.

### 2. Failure to Obtain A Certificate of Copyright Registration

Section 411(a) of the Copyright Act of 1976 (17 U.S.C. § 411(a)) requires a plaintiff to obtain a pre-filing copyright registration to assert claims under VARA. In 2019, the Supreme Court held that a copyright registration granted by the Copyright Office is a pre-requisite to filing a lawsuit, "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). Thus, the Supreme Court made clear that "[Section 411(a)] bars a copyright owner from suing for infringement until 'registration…has been made.'"[3] 139 S. Ct. at

---

3. The Supreme Court delineated two narrow exceptions, neither of which applies here: (a) where a copyright owner is preparing to distribute a work "vulnerable to predistribution infringement," "a copyright claimant may institute a suit for infringement"; and (b) "a copyright owner may also sue for infringement of a live

888.

Lew did not obtain a copyright registration from the U.S. Copyright Office as established by the official records of the U.S. Copyright Office. [RJN ¶ 7 Ex. 7] The pre-filing registration requirement under *Fourth Estate* applies. Lew cannot state a claim under VARA.

While Section 411(a) does not require copyright owners to wait for the granted registration before commencing time-sensitive lawsuits to "prevent" others from mutilating, modifying or distorting artwork as protected under Section 106A, here, Lew alleges facts that render this allowance inapplicable. *See* 17 U.S.C. §§ 106A(a)(3)(A) & 106A(a)(3)(B). This narrow provision is for injunctive relief actions to prevent injury to artwork, not actions to recoup damages for allegedly injured copyright after the fact. By Lew's own allegations, the alleged destruction of the tote bags took place years before he filed suit. [Comp. ¶¶ 20-21 (alleging destruction in December 2018)] Thus, this lawsuit is not to prevent injury already done but to seek damages for an alleged injury to Lew's right of integrity.

In sum, Lew's claims under VARA fail as a matter of law. Thus, this Court should dismiss this claim and this entire complaint for lack of subject matter jurisdiction.

C. **Lew's State Law Claims Are All Time Barred by the California Tort Claims Act**

Lew's second, third, fourth, fifth and sixth state law based causes of action are time barred under the California Tort Claims Act (Cal. Gov't Code § 945.6). Lew alleges that he "filed a formal claim" with the City. [Comp. ¶ 23] The City's records, of which the Court may take judicial notice, establish that the City denied Lew's claims on June 14, 2019. [RJN ¶ 6 & Ex. 6] The City's denial expressly gave Lew notice that "you have only six (6) months from the date this

---

broadcast" before registration. (139 S. Ct. at 888) Even in those limited exceptions, "the copyright owner must eventually pursue registration in order to maintain a suit for infringement." *Id.*

9

notice was personally delivered or deposited in the mail to file a court action alleging state causes of action." [*Id.*] Lew's complaint, however, was filed on December 2, 2020, almost 18 months later, and is therefore untimely as a matter of law. Cal. Gov't Code § 945.6 (a)(1). Lew is barred from asserting his state law claims.

### D. Lew's Causes of Action Under the California Art Preservation Act Are Both Preempted and Fail Because The Statute Does Not Protect His Tote Bags

#### 1. CAPA Is Preempted By The U.S. Copyright Act

Lew's second and third causes of action under the California Art Preservation Act of 1979 ("CAPA"), as applied here, are preempted by Section 301(f) of the U.S. Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. 101 *et seq*. A state law is preempted if (1) the work in which rights are claimed falls within the subject matter of copyright in 17 U.S.C. Sections 102, 103; and (2) the state law creates legal or equitable rights that are equivalent to any of the exclusive rights within the scope of copyright delineated in 17 U.S.C. Section 106. *Kodadek v. MTV Networks, Inc*., 152 F.3d 1209, 1212 (9th Cir. 1998); *Robert H. Jacobs v. Westoaks Realtors*, 159 Cal. App. 3d 637, 642, 205 Cal. Rptr. 620 (1984).

Here, CAPA protects authors' rights of integrity and attribution in an exclusive list of fine art, which is defined as "an original painting, sculpture, or drawing, or an original work of art in glass, of recognized quality, but shall not include work prepared under contract for commercial use by its purchaser." Cal. Civ. Code. §§ 987(b)(2), (c)(1) & (c)(2). Both the subject matter (fine art) and corresponding rights (right of attribution and right of integrity) that CAPA seeks to protect are already addressed by the Copyright Act. 17 U.S.C. §§ 102(a)(5), 106(5) and 106A. Because those rights are identical to the right purportedly protected by CAPA, Lew's CAPA claims are preempted by the Copyright Act.

#### 2. CAPA Does Not Protect Plaintiff's Tote Bags

Assuming *arguendo* that the Copyright Act does not preempt CAPA as

applied here, Lew fails to state a claim in both causes of action on the elements. CAPA defines fine art as "an original painting, sculpture, or drawing, or an original work of art in glass, of recognized quality, but shall not include work prepared under contract for commercial use by its purchaser." Cal. Civ. Code. § 987(b)(2).

Lew's creations were printed on tote bags. [Comp. ¶ 15; RJN ¶¶ 1 & Ex. 1] Lew does not allege, nor can he, that these tote bags were "an original painting, sculpture, or drawing, or an original work of art in glass" and thus are not subject to protection under CAPA.

Moreover, Lew contracted for these tote bags to be sold by FCAM through its gift shop for a set price of $88 per bag. [RJN ¶ 1 & Ex. 1] Lew even agreed that FCAM had "complete authority and control over all aspects of the items on sale." [RJN ¶ 1, Ex. 1 at ¶ 6]. Thus, these tote bags are items for sale prepared under contract for commercial use and not fine art under CAPA.

Finally, CAPA's prohibitions only apply to a "person." Cal. Civ. Code § 987(c)(1) ("No *person*, except an artist who owns and possesses a work of fine art which the artist has created, shall intentionally commit, or authorize the intentional commission of, any physical defacement, mutilation, alteration, or destruction of a work of fine art." (emphasis added)). Under the California Civil Code, "the word person includes a corporation as well as a natural person" but does not include cities or similar public entities. *See* Cal. Civ. Code § 14. Accordingly, CAPA cannot apply to the City or similar public entities.

Lew's second and third claims under CAPA fail as a matter of law.

### E. Lew Cannot State Common Law Claims for Conversion and Negligence

Furthermore, Lew cannot assert common law tort claims against the City. "Except as otherwise provided by statute...a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). Courts have consistently confirmed "that section 815 abolishes common law tort liability for public entities."

1  *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 899, 80 Cal. Rptr. 3d
2  690 (2008).
3     Accordingly, because Lew's fourth and fifth claims are for "common law
4  tort liability," they fail as a matter of law.
5  **F.**  **<u>Lew's Sixth Claim for Unfair Competition Fails As a Matter of Law</u>**
6     Lew's sixth cause of action for unfair competition (Cal. Bus. & Prof.
7  Code § 17200) fails as a matter of law.  Courts have uniformly held that a public
8  entity is not a "person" for purposes of California's unfair competition law.  *Leider v.*
9  *Lewis*, 2 Cal. 5th 1121, 1132 n.9, 218 Cal. Rptr. 3d 127 (2017) ("Governmental
10 entities, however, are not subject to suit under the unfair competition law."); *People*
11 *for the Ethical Treatment of Animals v. Cal. Milk Producers Advisory Bd.*, 125 Cal.
12 App. 4th 871, 878-79, 22 Cal. Rptr. 3d 900 (2005) (same); *Santa Monica Rent Control*
13 *Bd. v. Bluvshtein*, 230 Cal. App. 3d 308, 318, 281 Cal. Rptr. 298 (1991) (holding that
14 "a government agency" is not included in the definition of "person" citing Cal. Bus. &
15 Prof. Code § 17201); *County of Santa Clara v. Astra United States, Inc.*, 428 F. Supp.
16 2d 1029, 1034 (N.D. Cal. 2006) (citing cases).
17    In addition, governmental entities "are not businesses for purposes of
18 section 17200." *Meggs v. City of Berkeley*, 2004 U.S. Dist. LEXIS 7305 at *12 n.12
19 (N.D. Cal. 2004), *aff'd but partially rev'd on other grounds*, *Salsbury v. City of*
20 *Berkeley*, 188 F. App'x 613, 615 (9th Cir. 2006).
21 For these reasons, the City is not and cannot be liable under Lew's sixth claim for
22 unfair competition as a matter of law.  As the non-profit, public benefit organization
23 tasked by the City to run its museum, for the same reasons above, FCAM also cannot
24 be liable under Lew's sixth cause of action.
25
26
27
28

# IV.

# CONCLUSION

For all the foregoing reasons, and for any reasons that may arise at the hearing on this matter, Defendants City of Los Angeles and Friends of the Chinese American Museum respectfully request the Court grant their motion to dismiss in its entirety and dismiss the Complaint without leave to amend.

DATED: January 27, 2021

MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY
SCOTT D. MARCUS
PHILIP H. LAM


By: /s/ *Scott D. Marcus*
Philip H. Lam
Attorneys for Defendant
City of Los Angeles

DATED: January 27, 2021

THE AVANZADO LAW FIRM
A PROFESSIONAL LAW CORPORATION

By: _____
Melvin N.A. Avanzado
Attorneys for Defendant
Friends of the Chinese American Museum