MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney (SBN 212289)
SCOTT D. MARCUS, Senior Assistant City Attorney (SBN 184980)
PHILIP H. LAM, Deputy City Attorney  (SBN172428)
200 North Main Street, 7th Floor
Los Angeles, California 90012
Telephone: 213-978-4681
Facsimile: 213-978-7011
scott.marcus@lacity.org
phil.lam@lacity.org

Attorneys for Defendant
City of Los Angeles

**THE AVANZADO LAW FIRM**
A PROFESSIONAL LAW CORPORATION

MELVIN N.A. AVANZADO (Bar No. 137127)
      <mel@avanzadolaw.com>
The Walnut Plaza
215 North Marengo Avenue
Third Floor
Pasadena, California 91101
310.552.9300 TELEPHONE
310.388.5330 FACSIMILE

Attorneys for Defendant
Friends of the Chinese American Museum

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEW, an individual, a/k/a SHARK TOOF,<br><br>                    Plaintiff,<br><br>          vs.<br><br>THE CITY OF LOS ANGELES, a government entity; EL PUEBLO DE LOS ANGELES, business form unknown; CHINESE AMERICAN MUSEUM, business form unknown; FRIENDS OF THE CHINESE AMERICAN MUSEUM, INC., a California corporation; and DOES 1 through 30, inclusive,<br><br>                    Defendants. | CASE NO. 2:20-cv-10948 DDP (PLAx)<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS CITY OF LOS ANGELES AND FRIENDS OF THE CHINESE AMERICAN MUSEUM<br><br>DATE:      March 1, 2021<br>TIME:      10:00 a.m.<br>PLACE:    Courtroom 9C<br>               [The Hon. Dean D. Pregerson]<br><br>*[Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; and Declaration of Long Truong filed concurrently herewith]*<br><br>ACTION FILED:  December 2, 2020 |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants City of Los Angeles (the "City") and Friends of the Chinese American Museum ("FCAM") (collectively, "Defendants") hereby request that the Court take judicial notice of the following facts and documents pursuant to Rule 201 of the Federal Rules of Evidence.

1.     The Vendor Application Form executed by Plaintiff David Lew ("Plaintiff"), and subsequently countersigned by FCAM, which is authenticated and referred to in the Declaration of Long Truong and attached as part of Exhibit A thereto.  This document and the facts established thereby are not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  For the Court's convenience, Defendants attach a true and correct copy of the Vendor Application Form executed by Plaintiff and FCAM as Exhibit 1 hereto.

2.     In 1992, the City established the El Pueblo de Los Angeles Historical Monument Authority Department ("El Pueblo") pursuant to City ordinance #167,902.  Among other things, Section 22.620(b) of this ordinance required that "a Chinese history museum shall be established in the Monument" by El Pueblo.  This ordinance, its existence and contents, and the establishment of El Pueblo as a department of the City are not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Defendants attach a copy of the City's ordinance #167,902 as Exhibit 2 hereto.

3.     FCAM is a non-profit public benefit corporation incorporated on November 12, 1987 for the purpose of providing support to the Museum.  This fact is not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Attached as Exhibit 3 hereto is a copy of the FCAM articles of incorporation and its most recent statement of information obtained from the records of the California Secretary of State.

4.      In 2012, the City entered into a memorandum of agreement (the "MOA") with FCAM.  Under Section 2.1 of the MOA, the City maintains overall management authority over the Museum while FCAM, in collaboration with the City, fulfills its mission to operate, maintain and expand the Museum.  Under Section 3.1.F, the City provides maintenance, custodial and security services, utilities and other support for the Museum.  Under Section 3.2, FCAM provides staff and financial support, as well as collaborate with the City on the operation and maintenance of the Museum.  This document and the facts established thereby are not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Attached as Exhibit 4 is a true and correct copy of the City's MOA with FCAM.

5.      As alleged in paragraph 23 of his complaint, Plaintiff filed a claim for damages to person or property with the City.  Plaintiff filed this claim with the City alleging injury and circumstances as also alleged in this lawsuit on March 15, 2019.  These facts and this document are not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Attached as Exhibit 5 is a true and correct copy of Plaintiff's claim obtained from the City's records.

6.      The City formally denied Plaintiff's claim on June 14, 2019 with a conspicuously placed notice of the 6-month window for Plaintiff to file a court action based on state causes of action, among other information.  These facts and this document are not reasonably subject to dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Attached as Exhibit 6 is a true and correct copy of the City's notice of denial with proof of service obtained from the City's records.

7.      A search of the copyright catalog from 1978 through January 24, 2021 for works by David Lew registered with the United States Copyright Office revealed 14 registered copyrighted works.  The tote bags exhibition that is the subject

1  of this lawsuit, which Plaintiff alleged was entitled *Year of the Shark Red Packet*

2  [Comp. ¶ 15], is not listed among his registered works.  This fact is not reasonably

3  subject to dispute and can be accurately and readily determined from sources whose

4  accuracy cannot reasonably be questioned.  Attached as Exhibit 7 is a true and correct

5  copy of the printout from the United States Copyright Office of all works registered

6  by David Lew from 1978 through January 24, 2021.

7          Judicial notice is proper of a fact "that is not subject to reasonable dispute

8  because it…can be accurately and readily determined from sources whose accuracy

9  cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court "must take

10  judicial notice if a party requests it and the court is supplied with the necessary

11  information."  Fed. R. Evid. 201(c)(2).  Accordingly, Defendants' request for judicial

12  notice of the foregoing should be granted.

13

14  DATED:  January 27, 2021          MICHAEL N. FEUER, City Attorney
                                      KATHLEEN A. KENEALY
15                                    SCOTT D. MARCUS
                                      PHILIP H. LAM
16

17                                    By:   /s/ *Scott D. Marcus*
                                            Philip H. Lam
18                                    Attorneys for Defendant
                                      City of Los Angeles
19

20

21  DATED:  January 27, 2021          ┌─────────────────────────────┐
                                      │ **THE AVANZADO LAW FIRM** │
22                                    └─────────────────────────────┘
                                         A PROFESSIONAL LAW CORPORATION
23
                                      By: _____
24                                          Melvin N.A. Avanzado
                                      Attorneys for Defendant
25                                    Friends of the Chinese American Museum

26

27

28

REQUEST FOR JUDICIAL NOTICE